IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-350-M-RJ

| | | |
|---|---|---|
| DEVONTE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE FINANCIAL CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants Capital One Financial Corporation ("Capital One") and The Bank of New York Mellon Trust Company N.A.'s ("NY Mellon" and, collectively with Capital One, "Defendants") motion to dismiss [DE 18]. Pursuant to 28 U.S.C. § 636(b)(l)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert Jones entered a memorandum and recommendation ("M&R") [DE 27], recommending that the court grant Defendant's motion to dismiss [DE 18].

Plaintiff Devonte Williams ("Plaintiff") filed written objections to the M&R on December 9, 2024 [DE 28].

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(l); *accord Mathews v. Weber,* 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's

1

proposed findings and recommendations." *Stokes v. Berryhill*, 294 F. Supp. 3d 460, 462 (E.D.N.C. 2018) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

Upon review, the court finds that Plaintiff has failed to raise any specific objections to the dispositive portions of the M&R. Plaintiff's objections amount to general disagreements with the magistrate judge's findings and merely repeat allegations properly considered and addressed in the M&R. *See* [DE 27]; [DE 28]. At bottom, Plaintiff asks Defendants and this court to treat hand-annotated credit card statements as valid "debt securities" capable of discharging his payment obligations to Capital One. *See, e.g.*, [DE 1-3], [DE 28] 5. There is no legal basis for doing so. Indeed, Plaintiff's arguments are nearly identical to other claimants' failed attempts to avoid paying their debts through their own manufactured documents rather than actual payment. *See, e.g.*, *Vaughn v. Ally Fin., Inc.*, No. 1:24-CV-6, 2024 WL 4349088, at *2 (M.D.N.C. Sept. 30, 2024) (dismissing claims predicated on payment coupon theory); *Bey v. AT&T Mobility*, No. CV82305076HMHKFM, 2023 WL 7298768, at *1 (D.S.C. Nov. 6, 2023) (dismissing claims premised on using coupon notes as payment for a phone bill); *Thomas v. Capital One*, No. CV 23-00216-TFM-B, 2024 WL 477027, at *10 (S.D. Ala. Jan. 10, 2024), *report and recommendation adopted*, No. 1:23-CV-216-TFM-B, 2024 WL 474836 (S.D. Ala. Feb. 7, 2024) (dismissing claims against Capital One based on "marked-up payment coupons").

Without specific objections, the court reviews only for "clear error." *Diamond,* 416 F.3d at 315. Finding none upon careful review of the M&R and the record presented, the court

ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, it is hereby ORDERED:

(1) Defendants' motion to dismiss [DE 18] is GRANTED; and

(2) Plaintiff's amended complaint [DE 16] is DISMISSED WITH PREJUDICE.

SO ORDERED this 27TH of March, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE